No. 24-3899

In the

# United States Court of Appeals for the Sixth Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AMANDA HOVANEC,

Defendant-Appellant.

_____

On Appeal from the United States District Court
for the Northern District of Ohio
Originating Case No. 3:22-cr-00274-1

## PETITION FOR PANEL REHEARING

Benjamin S. Morrell
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com

*Appointed Counsel for Defendant-Appellant*

Defendant-Appellant Amanda Hovanec petitions this Court under Fed. R. App. P. 40 for a panel rehearing of its published opinion in this case (the "Opinion" or "Slip. Op."). In the Opinion, the Court stated that the district court did not determine that Dr. Brams' report was unsubstantiated, even though the government conceded this point in its brief, twice. The Opinion did not acknowledge the government's concession, and the Court should have accepted it in assessing whether the district court made a clear factual error before issuing its sentence. This constitutes a "point of . . . fact" that the Court "has overlooked or misapprehended," Fed. R. App. P. 40(a)(2), and the Court should grant this petition in order to correct it. Allowing the Opinion to stand as written calls into question the well established process of narrowing issues in litigation by stipulation or agreement.

Ms. Hovanec pleaded guilty to distribution of a controlled substance (in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)) and related offenses stemming from Ms. Hovanec causing the death of her husband by injecting him with etorphine. (Def.'s Principal Br. at 3.) A clinical and forensic psychologist, Dr. Jolie S. Brams, interviewed Ms. Hovanec and two of her sisters before preparing a psychological evaluation and report that was submitted to the district court with Ms. Hovanec's sentencing memorandum. (*Id.* at 13.) Ms. Hovanec's principal brief in this Court discussed at length Dr. Brams' report and findings, including her interviews with the

2

sisters, Jill Barber and Samantha Green. (*Id.* at 13–17.)

Ms. Hovanec's principal brief recounted that, at sentencing, "the government questioned the validity of Dr. Brams' report and asserted that 'nothing in there was substantiated.'" (*Id.* at 27 (cleaned up).) Ms. Hovanec explained that this was a mischaracterization of the evidence because two of Ms. Hovanec's sisters were interviewed and corroborated numerous specific statements regarding Ms. Hovanec's significant history of childhood trauma and resulting mental health disorders. Ms. Hovanec then noted that the district court adopted the government's mischaracterization of Dr. Brams' report before dismissing its contents. Ms. Hovanec argued that this factual error, combined with the district court's inaccurate characterization of Dr. Brams as a "hired advocate," combined to create a clear error of fact requiring vacatur and remand for resentencing. (*Id.* at 24–31.)

The government, in a heading in its brief, agreed with Ms. Hovanec with respect to the district court's adoption of its lack-of-substantiation argument at sentencing. The government conceded that the district court "found that Hovanec's family background in the psychological report was unsubstantiated." (Gov't's Br. at 60.) Two pages later, it again stated that the district court "accept[ed] the government's view about unsubstantiated abuse." (*Id.* at 62.) Ms. Hovanec highlighted this concession in her reply brief. (Def.'s Reply Br. at 7.)

The Court rejected Ms. Hovanec's arguments concerning the district court's findings of fact related to Dr. Brams' report and issued an opinion affirming Ms. Hovanec's sentence. The Court found that Ms. Hovanec's argument was "based on a strained reading of the sentencing transcript" and that "the district court never stated that it believed the report was unsubstantiated." (Slip. Op. at 25.) The Court also stated that "[Ms.] Hovanec's argument, therefore, is based entirely on the district court's statements that it viewed the report with skepticism because it agreed more than disagreed with the Government's arguments as to why the report was not reliable." (*Id.* (cleaned up).) This is incorrect; Ms. Hovanec also relied on the government's repeated concession in its brief that the district court adopted its lack-of-substantiation argument. (*See* Def.'s Reply Br. at 7.)

The Court's opinion did not acknowledge or otherwise demonstrate awareness of the government's concession. Thus, it appears that the Court "overlooked or misapprehended" this important point of fact. Fed. R. App. P. 40(a)(2).

This Court typically accepts a party's concession of an issue on appeal, which often "makes it unnecessary" for the Court to decide a question previously in dispute. *See, e.g.*, *Lynch v. McFarland*, 47 F.3d 1169, 1995 WL 5934, at *1 (6th Cir. Jan. 6, 1995) (table). This includes when the conceding party is the government. *See,*

*e.g.*, *Chalabyan v. Holder*, 385 F. App'x 723, 725 (9th Cir. 2010); *United States v. Tobin*, 552 F.3d 29, 34 (1st Cir. 2009). The Second Circuit has articulated this in stronger terms, stating that "all litigants are 'bound by the concessions of freely retained counsel.'" *Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (quoting *Hoodho v. Holder,* 558 F.3d 184, 192 (2d Cir. 2009)). And this Court has noted that it has "discretion to consider a statement made in a brief to be a judicial admission, binding on both this court and the trial court." *United States v. Burns*, 109 F. App'x 52, 58 (6th Cir. 2004). When a reviewing court proceeds as if a conceded fact remains in dispute, it deprives the concession of any legal force, undermines the orderly narrowing of issues that the adversarial process is designed to achieve, and disincentivizes parties to make such concessions in future cases.

The Opinion affirmed the district court's sentence of Ms. Hovanec based in part on its determination that the district court did not find that Dr. Brams' report was unsubstantiated—even though both parties agreed in their briefing that the district court made precisely that finding. The government's repeated concession was not a peripheral detail. It went to the heart of whether the district court's dismissal of Dr. Brams' report rested on an accurate understanding of the record.

The Opinion, as published, carries significant implications beyond this case.

5

It signals that this Court may disregard a party's express factual concession without explanation, leaving litigants (and particularly defendants in criminal cases) without assurance that concessions made by the government in briefing will carry any weight in the Court's analysis, and creating uncertainty as to whether the well-settled practice of narrowing disputed issues through agreement serves a meaningful purpose on appeal. For the reasons discussed above, the Court should grant the petition for panel rehearing, acknowledge the government's concession, and issue a revised opinion vacating Ms. Hovanec's sentence and remanding for resentencing.

Filed: March 30, 2026

Respectfully submitted,

AMANDA HOVANEC,
*By Counsel*

By    /s/ *Benjamin S. Morrell*
Benjamin S. Morrell
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com

*Appointed Counsel for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 40(d)(3)(A) because it does not exceed 3,900 words. This petition complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in the proportionally spaced typeface of Equity using Microsoft Word, in 14-point size.

Dated: March 30, 2026

By    /s/ *Benjamin S. Morrell*

## CERTIFICATE OF SERVICE

I certify that on the date listed below, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: March 30, 2026

By    /s/ *Benjamin S. Morrell*